RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0259p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JOHN RUSSELL, et al.,

  *Plaintiffs-Appellees,*

v.

No. 14-6262

ALLISON LUNDERGAN-GRIMES, et al.,

  *Defendants-Appellants.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 2:14-cv-00112—William O. Bertelsman, District Judge.

Decided and Filed:  October 17, 2014[*]

Before:  BATCHELDER, McKEAGUE, and GRIFFIN, Circuit Judges.

_____

**ORDER**

_____

PER CURIAM.  State officials for the Commonwealth of Kentucky move for a stay pending appeal of the district court's order declaring unconstitutional a Kentucky electioneering statute, KRS § 117.235.  That statute prohibits campaigning within 300 feet "of any entrance to a building in which a voting machine is located if that entrance is unlocked and is used by voters on election day."  KRS § 117.235(3).  The district court held that the statute was facially invalid under the First Amendment and permanently enjoined the statute's enforcement in toto.  The injunction issued on October 14, 2014, three weeks before Election Day on November 4, 2014.

---

[*]This order was originally filed on October 17, 2014.  The court has now designated the order as one recommended for full-text publication.

1

Federal Rule of Appellate Procedure 8(a) directs that we review Kentucky's motion in light of four factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

We find that the relevant factors favor granting a partial stay. First, whether the statute violates the free speech rights of electioneerers appears to be a close question. Kentucky's 300-foot buffer zone falls within a jurisprudential gray area—somewhere between *Burson v. Freeman*, 504 U.S. 191 (1992), where the Supreme Court upheld a 100-foot buffer zone as constitutional, and *Anderson v. Spear*, 356 F.3d 651 (6th Cir. 2004), where this court struck down a 500-foot buffer zone as unconstitutional. Further, the defendants raise difficult questions of Eleventh Amendment immunity.

Moreover, absent a stay, Kentucky—and likely its voters—would be significantly burdened because the state would be left without *any* buffer zone between polling places and poll workers. If compelled to hold the upcoming election with no buffer zone, Kentucky would be the only state in the nation without one. *See* R. 36-3. And it would be the first time in more than 125 years that Kentucky held an election with no buffer zone in place. *See Burson*, 504 U.S. at 203; *Anderson*, 356 F.3d at 657. Forcing Kentucky at such a late date to hold an election under such circumstances is inconsistent with the Supreme Court's recognition that "*some* restricted zone around polling places" may be needed to protect "the right to cast a ballot . . . free from the taint of intimidation and fraud," *Burson*, 504 U.S. at 211, and with our own repeated admonition that "last-minute injunctions changing election procedures are strongly disfavored." *Serv. Employees Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam) (collecting prior cases). The district court's order here is especially problematic because in-person absentee voting is already under way. The district court's order changes the rules midstream, elevating the potential for general unfairness and voter confusion. *See id.* at 346. The public has an interest in the orderly administration of elections to ensure that they are fair,

and injecting a significant degree of uncertainty about who is permitted to speak where on Election Day does not coincide with that interest. *See id*. at 345. *See also Buckley v. Am. Constitutional Law Found., Inc.,* 525 U.S. 182, 187 (1999) (acknowledging that "there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes").

Nevertheless, plaintiff John Russell raises both a facial and an as-applied challenge to § 177.235(3), and permitting Kentucky to enforce § 117.235(3) against Russell's electioneering efforts upon his own private property potentially would impose a significant burden upon his First Amendment rights. We have previously described as "requisite" to the constitutionality of a political speech black-out zone that it exempt private property. *Anderson*, 356 F.3d at 662. Indeed,

> [a] special respect for individual liberty in the home has long been part of our culture and our law; that principle has special resonance when the government seeks to constrain a person's ability to *speak* there. Most Americans would be understandably dismayed, given that tradition, to learn that it was illegal to display from their window an 8- by 11-inch sign expressing their political views.

*City of Ladue v. Gilleo*, 512 U.S. 43, 58 (1994) (internal citations omitted) (striking down an ordinance prohibiting homeowners from displaying signs on their own property). The fact that Russell entered into a consent judgment with several local officials does not guarantee that other officials in the state government—including those who seek a stay in the present case—will refrain from enforcing § 117.235(3) against him with respect to his activity on his own property.

For these reasons, we hereby GRANT the motion to stay in part, and DENY it in part. We stay the district court's October 14, 2014, order granting a permanent injunction to the extent that it prohibits Kentucky from enforcing § 117.235(3)'s 300-foot buffer zone against campaigning activity in a public forum or on property on which a polling place is located. We do not stay the district court's order to the extent that it prohibits Kentucky from enforcing § 117.235(3) on private property. This prohibition shall remain in effect pending the resolution of this appeal. The partial stay will remain in place until the appeal can be heard on the merits and a disposition on the merits can be made.